Saul S. Streit, J.
Defendant moves for dismissal of the complaint for legal insufficiency.
Plaintiff, holding a consolidated second mortgage covering defendant’s property, had agreed orally with the defendant for a modification thereof effecting subordination to the then existing first mortgage and to any renewal, extension, or replacement thereof to the extent of $23,000, on condition that any additional moneys received by the defendant under a new first mortgage over and above $20,000 would be applied toward the reduction of the mortgage held by him. The agreement was reduced to writing as follows: “ This will confirm our agreement that should you at any time desire to increase the first mortgage on the premises 207-209 West 80th Street, I shall execute the necessary papers to subordinate the mortgages as consolidated and extended by you on October 6, 1955 in the amount of $28,000 to any first mortgage by a recognized lending institution to the extent of $23,000, provided that at such time you are not in default under any of the terms of the consolidation agreement, and provided further that any sums received by you under such first mortgage over and above $23,000 will be applied toward the reduction of the mortgages presently held by me. This also applies to any renewal, extension or replacement of your present first mortgage.”
Plaintiff insists that by virtue of mutual mistake, or mistake on the part of the plaintiff and fraud and concealment on the part of the defendant, the prior oral agreement for payment to the plaintiff of any sum in excess of $20,000 received by the defendant on any new first mortgage was stated in the writing *8 as a sum in excess of $23,000. It is further alleged in the complaint that when defendant did obtain a new first mortgage, plaintiff did, for a consideration, agree to accept prepayment of his mortgage and did in fact receive such payment, delivering a satisfaction of the second mortgage. Thereafter, defendant, maintaining that the modification agreement constituted a prepayment agreement, instituted an action in the City Court of the City of New York, County of New York, to recover the penalty paid to the plaintiff upon such prepayment as the result of claimed duress, plaintiff then insisting that the modification agreement was not a prepayment agreement.
Defendant urges that this litigation is futile and equity should not be required to do a useless thing, since the defendant did obtain a new first mortgage of $50,000. Whether the figure in the modification agreement should be $20,000 or $23,000, defendant had received sufficient to make full payment of the balance then due on plaintiff’s mortgage, which was less than $20,000. Some of the alleged facts are outside the complaint; but no objection is made otherwise that this complaint is not sufficient as stating a cause in equity for reformation. The interpretation of the modification agreement and whether it does in fact provide for prepayment should be made only upon the basis of the agreement as plaintiff says it was made, if plaintiff prevails. The motion is denied.